**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANGEL ARNALDO LEYVA GONZALEZ,

Petitioner,

v. No. 2:26-cv-00722-DHU-GBW

DORA CASTRO, Warden of Otero County Processing Center; MARY DE ANDA-YBARRA, Field Office Director of U.S. Immigration and Customs Enforcement; El Paso Texas; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Angel Arnaldo Leyva Gonzalez's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Cuba who entered the United States without inspection on July 26, 2021. Doc. 1 at 4; Doc. 5-1 at 4. Three days later, on July 29, 2021, Petitioner was released pursuant to an Order of Release on Recognizance. Doc. 5-2 at 1. Since his entry, Petitioner has accrued no criminal history. Doc. 1 at 5.

Following his release, Petitioner established a life in the United States. He resided in in Tampa, Florida, worked, paid taxes, and owned property. *Id.* at 4.

On November 3, 2025, Petitioner was re-detained by United States Border Patrol. Doc. 5-1 at 3. It does not appear that Petitioner was provided with a pre-deprivation hearing. *See generally* Docs. 1, 5. He was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. Doc. 1 at 5.

On January 12, 2026, an Immigration Judge ("IJ") entered an Order of Removal in Petitioner's proceedings. *Id.* Petitioner appealed the IJ's Order of Removal to the Board of Immigration Appeals ("BIA"), which remains pending. Doc. 5-6 at 2.

Petitioner subsequently filed the instant Petition, where he argues that his re-detention without procedural process violates the Due Process Clause of the Fifth Amendment. Doc. 1 at 10-12.[1] Petitioner specifically argues that he has a protected liberty interest after his previous release. *Id.* at 10. Petitioner also argues that his re-detention is a direct result of insufficient procedures, including the lack of a bond hearing showing that he now presents a danger or a flight risk. *Id.* at 10-11. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody, or, alternatively, ordering Respondents to provide him with a bond hearing. *Id.* at 14.

Respondents do not address Petitioner's argument that his re-detention without procedural process violates the Due Process Clause and ask this Court to decline to do so. Doc. 5 at 4. Respondents, instead, address whether, under the INA, Petitioner is correctly subject to 8 U.S.C. § 1225 and, therefore, subject to mandatory detention, or 8 U.S.C. § 1226, and, therefore, entitled to a bond hearing, arguing that "Petitioner is correctly classified as an 'applicant for admission' under Section 1225(b)(2)(A) based on the plain language of that statute." *Id.* at 2. However, even on this issue, Respondents "acknowledge that [another court in this district] reached the opposite

---

[1] Petitioner also claims that his detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). *Id.* at 13-14. Section 1231, however, only applies to petitioners with final orders of removal. Here, Petitioner's Order of Removal is not final due to his pending appeal with the BIA. *See* 8 C.F.R. § 1241.1 ("An order of removal by the [I]mmigration [J]udge at the conclusion of proceedings under section 240 of the [INA] shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals."). The Court, therefore, "decline[s] to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

conclusion" in *Melchor-Rios v. Ortiz*, No. 2:25-cv-01055-WJ-GJF, 2025 WL 3764775 (D.N.M. Dec. 30, 2025), "on facts substantially similar to those currently before the Court." *Id.*

This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in 2021, was detained within the United States, and was subsequently released on his own recognizance for over four (4) years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide him with a pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct.

2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Given the Court's finding that due process requires Petitioner's release, the Court need not make a determination regarding whether Petitioner's detention is governed by Section 1225 or Section 1226. However, it is worth noting that in *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to Section 1226(a) and, therefore, entitled to an individualized bond hearing. 180 F.4th 1226, 1237 (10th Cir. 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in 2021, was detained by immigration officials in the country and subsequently released on his own recognizance, and re-detained over four (4) years later while still residing in the country. Petitioner's detention is, therefore, governed by Section 1226(a).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that Respondents shall submit a Status Report to the Court no later than **three (3) days** from the entry of this Order confirming Petitioner's timely release.

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE